IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SENECA LAMBRONE LEE, <br> also known as Reverend Holy Pimptricks, <br><br> Plaintiff, <br><br> v. <br><br> AMERICA, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 1:15-CV-193-P-BL <br><br> Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the handwritten complaint and motion to proceed *in forma pauperis* filed October 8, 2015, by *pro se* Plaintiff Seneca Lambrone Lee.

The Court takes judicial notice of the Sanction Order entered in *Lee v. Unknown Defendants*, 1:15-CV-003-P (N.D. Tex. April 30, 2015) sanctioning Plaintiff and barring him from filing any new civil rights complaint in this Court or any other court that is removable or transferable to this Court without first obtaining leave of the Court through proper motion for leave, and WARNING Plaintiff that further filing of frivolous or malicious complaints shall result in the imposition of additional sanctions, including but not limited to monetary sanctions. *See* Exhibit A, attached hereto.

The Court finds that Plaintiff has not sought or been granted leave to file the instant complaint. To the extent his complaint may be very liberally construed to request leave to file, the Court finds the instant complaint to be rambling, incoherent, incomprehensible, and wholly irrational; failing utterly to offer any facts that might constitute a basis for a non-frivolous complaint. A claim may be dismissed as factually frivolous if the facts alleged are "clearly baseless," i.e. "fanciful," "fantastic," or "delusional." "[A] finding of factual frivolousness is appropriate when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992). Therefore, the Court finds that Plaintiff's complaint is clearly baseless and should be DISMISSED with prejudice as factually frivolous.

Finally, the Court finds that Plaintiff is an experienced, vexatious litigant, bent on wasting the Court's already scarce resources. In light of that finding, and the numerous prior warnings that further filing of frivolous or malicious complaints would result in the imposition of additional sanctions, the Court finds that Plaintiff should be SANCTIONED in the amount of $500.00, which must be paid to the Clerk of Court for the Northern District of Texas before Plaintiff may seek leave to file any further civil action or lawsuit.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that (1) the civil rights complaint filed by Seneca Lambrone Lee be DISMISSED WITH PREJUDICE AS FRIVOLOUS and MALICIOUS; (2) the motion to proceed *in forma pauperis* be DENIED; and (3) Plaintiff Seneca Lambrone Lee be assessed a monetary sanction in the amount of $500.00, which must be paid before he may seek leave to file any new civil action or lawsuit.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by Law.

IT IS SO RECOMMENDED.

ENTERED this 9th day of October, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

# EXHIBIT A

115cv193.SenecaLee.malicious.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SENECA LAMBRONE LEE, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>UNKNOWN DEFENDANTS, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:15-CV-003-P<br><br>ECF |

## ORDER

Came on for consideration the handwritten complaint filed on January 6, 2015, by *pro se* Plaintiff Seneca Lambrone Lee. Plaintiff has not paid the $400 filing fee, or sought leave to proceed *in forma pauperis*.

The Court notes that Plaintiff has been characterized as a vexatious litigant in this and other divisions within the United States District Court for the Northern District of Texas. As stated by United States Magistrate Judge Stickney in his Findings, Conclusions and Recommendations in Civil Action No. 3:05-CV-01483-D, Plaintiff "is well known in the Fort Worth and Abilene Divisions of the Northern District for his abuse of the judicial process." *See Lee v. Texas Dep't of Transp.*, No. 3:05-CV-01483-D (N.D. Tex. Aug. 11, 2005). He was sanctioned in the Fort Worth Division on April 29, 2005, by United States District Judge Means and assessed a monetary sanction of $500.00. *See Lee v. City of Forest Hill, Tex.*, No. 4:05-CV-156-Y (N.D. Tex. April 29, 2005). In the Dallas Division of this Court, United States District Judge Fitzwater entered an order in Civil Action No. 3:05-CV-01483-D that adopted Magistrate Judge Stickney's Findings, Conclusions and Recommendation, thereby denying Plaintiff the right to proceed *in forma pauperis* in that case, and dismissed that cause of action for failure to pay the previously imposed sanction. *See Lee v. Texas*

*Dep't of Transp.*, No. 3:05-CV-01483-D (N.D. Tex. Aug. 23, 2005). United States District Judge McBryde, in the Fort Worth Division, has found that Plaintiff abused the privilege of proceeding *in forma pauperis* under 28 U.S.C. § 1915 and found that Plaintiff must pay the filing fees in the cases he files. *See Lee v. Texas Dep't Public Safety*, No. 4:04-CV-606-A (N.D. Tex. Aug. 31, 2004).

This Court has dismissed subsequent cases filed by Plaintiff for failure to pay the previously imposed sanction imposed by Judge Means. In fact, in 2007, additional sanction fees were imposed upon Plaintiff in the Abilene Division for his failure to pay the previously imposed sanctions while continuing to file subsequent lawsuits. *See Lee v. Texas Dep't Criminal Justice I.D.*, No. 1:07-CV-126-C (N.D. Tex. July 5, 2007). According to the Clerk of Court, Plaintiff has now paid the sanctions imposed in the various Divisions of this Court.

More recently, the United States District Court for the Western District of Texas, San Antonio Division, dismissed Plaintiff's complaint, finding that "because of his persistence in filing frivolous IFP complaints" he is barred from proceeding *in forma pauperis* in that Court without the prior permission of a district judge. *See Lee v. State of Texas, et al.*, No. SA-12-CA-958-FB (W.D. Tex., dismissed Feb. 8, 2012).

Regardless of the status of the fee in this case, the Court finds Plaintiff's complaint to be rambling, incoherent, incomprehensible, and wholly irrational; failing utterly to offer any facts that might constitute a basis for a non-frivolous complaint. A claim may be dismissed as factually frivolous if the facts alleged are "clearly baseless," i.e. "fanciful," "fantastic," or "delusional." "[A] finding of factual frivolousness is appropriate when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992). Therefore, the

Court finds that Plaintiff's complaint is clearly baseless and should be **DISMISSED with prejudice as factually frivolous**.

Finally, the Court finds that Plaintiff has been "warned that the continued filing of any frivolous lawsuits in the United States District Court for the Northern District of Texas shall result in the suspension of his right to file lawsuits" in this district. *See Lee v. Texas Dep't Public Safety*, No. 1:08-CV-156-C (N.D. Tex. Feb. 4, 2009). The instant lawsuit is an abuse of the judicial process and the resources of this Court. **Plaintiff is, therefore, PROHIBITED from filing any new civil rights complaints in this Court or any other court that is removable or transferable to this Court without first obtaining leave of the Court through proper motion for leave. Moreover, Plaintiff is WARNED that further filing of frivolous or malicious complaints shall result in the imposition of additional sanctions, including but not limited to, monetary sanctions.**

SO ORDERED.

Dated April 30, 2015.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE